SISTERS OF MERCY OF WARNER BROWN HOSPITAL *v.*
NELLIE JOE ROBERTSON

5-4104                                411 S. W. 2d 3

Opinion delivered February 6, 1967

*Crumpler, O'Connor, Wynne & Mays,* for appellant.

*Brown, Compton & Prewett,* for appellee.

J. FRED JONES, Justice. This case involves the proceeds paid by two separate insurance companies under two separate family group hospitalization policies on the hospital bill of one of the family group covered in both policies. The payment by both companies resulted in an over-payment of the account, and the question pertains to the disposition of the over-payment.

At the outset we agree with appellant, as well as the appellee, that this case is unique.

Ralph Robertson and Nellie Joe Robertson were husband and wife living in El Dorado. Mr. Robertson was employed by the Lion Oil Company and he and his family were covered by a group hospitalization policy with Metropolitan Insurance Company procured through his employer. Mrs. Robertson was employed by the El Dorado school district and also carried a family group hospitalization policy procured through her employer.

Mr. Robertson was hospitalized in Warner Brown Hospital operated by Sisters of Mercy, and on August 15, 1965, his account with the hospital amounted to $7,006.88. Mrs. Robertson was also a patient at the hospital from April 12 until May 21, 1965, and incurred a bill in the amount of $1,503.30.

On June 28, 1965, Blue Cross-Blue Shield paid the hospital $1,283.30 for credit to the account of Mrs. Robertson, leaving a balance of $220.00 due on Mrs. Robertson's account.

On July 28, 1965, Metropolitan also paid the hospital $1,433.89 on Mrs. Robertson's account, and on August 4, 1965, paid the additional sum of $59.25, making a total over-payment on Mrs. Robertson's account in the amount of $1,273.14. Metropolitan filed a claim with the hospital for a refund of $305.56 erroneously overpaid under its policy.

When Mrs. Robertson was admitted to the hospital, she and Mr. Robertson were separated, and on August

12, 1965, she instituted suit against Mr. Robertson in the Union County Chancery Court for separate maintenance.

On August 17, 1965, the Sisters of Mercy of Warner Brown Hospital filed an intervention in the separate maintenance action claiming the amount of over-payment on Mrs. Robertson's account should be applied on Mr. Robertson's account, less the $305.56 claimed in over-payment by Metropolitan on its policy.

The case was submitted to the court on stipulation of facts and the court decreed that $967.64 be paid over to Mrs. Robertson, and that $305.50 be paid into the registry of the court subject to the claim of Metropolitan.

Sisters of Mercy of Warner Brown Hospital brings this appeal contending as their only point relied on, "that the chancellor erred in holding that the plaintiff, Nelly Joe Robertson, is entitled to the over-payment made by husband's hospital insurance carrier, Metropolitan Insurance Company, to the Sisters of Mercy of Warner Brown Hospital on the plaintiff's account."

We are of the opinion that the chancellor was correct in holding that the over-payment on Mrs. Robertson's account should be reimbursed to Mrs. Robertson.

Neither of the group policies, nor abstracts of their provisions, are of record in this case and subrogation between insurance companies is not involved. Appellant's right to intervene in appellee's separate maintenance action is not questioned by appellee and will not be questioned by us. Appellants do not contend that appellee is liable in any manner for her estranged husband's hospital bills.

Appellants have offered no proof that the money paid on appellee's account, under a group policy procured by the husband through his employer, at any time belonged to the husband, and certainly appellants have

offered no proof that the over-payment belonged to them.

The chancellor's decree is not against the preponderance of the evidence and must be affirmed.

Decree affirmed.